# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 5, 2011

Lyle W. Cayce
Clerk

No. 11-30043
Summary Calendar

ANTONIO D. TYSON,

Plaintiff-Appellant

v.

JAMES LEBLANC, Secretary; ROBERT C. TANNER, Warden; LARRY GROW, Colonel,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-1174

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Antonio D. Tyson, Louisiana prisoner # 331834, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 complaint. He claimed that prison restrictions on possession and purchase of mailing and reading materials and radios violated his First Amendment rights and being housed with mentally ill

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inmates and forced to wear full restraints while exercising outdoors violated his Eighth Amendment rights.[1]

Tyson refers to a number of issues in his appellate briefs, most of which are waived by virtue of inadequate briefing. *See* FED. R. APP. P. 28(a)(9)(A); *United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). His assertion that the district court failed to conduct de novo review of his objections to the magistrate judge's report and recommendation is without merit. *See Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 382 (5th Cir. 2004). With respect to his claim regarding restrictions on inmate purchases of reading materials and radios, his attempt to distinguish *Beard v. Banks*, 548 U.S. 521 (2006), is unavailing, and he has, therefore, failed to show the district court erred in granting summary judgment in favor of the defendants on this claim. *See* FED. R. CIV. P. 56(a); *Hill v. Carroll County, Miss.*, 587 F.3d 230, 233-34 (5th Cir. 2009).

Tyson's various complaints about issues he claims should have been addressed by the district judge and the magistrate judge are waived by virtue of inadequate briefing. *See* FED. R. APP. P. 28(a)(9)(A); *Stalnaker*, 571 F.3d at 439-40; *Yohey*, 985 F.2d at 225. Tyson has also failed to show that the district court abused its discretion in denying his motion for leave to amend his complaint. *See Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 347 (5th Cir. 2008).

AFFIRMED; motion for appointment of counsel DENIED.

---

[1] The restrictions imposed on Tyson and of which he complains were imposed because he was in Extended Lockdown Level 1 for, among other offenses, fighting, aggravated disobedience, and possession of contraband; thus, prison officials have limited non-religious/non-legal reading materials.